AFTER argument, the President delivered the opinion of the Court in this cause.
Shippen President:
—The first point to be considered in this case, is, whether the Court think themselves authorized to enquire into the cause of action in the case of attachments, as they do in cases of Capias, where the defendants person is taken into custody? The reason of enquiring into the cause of action on writs issued against the person, is to prevent a vexations plaintiff form imprisoning the body of the defendant without cause: In the case of attachments though the reason may not perhaps be so forcible, as the personal liberty of the defendant is more precious than his property yet the abuse of the process of law may be as great, and the necessity of providing against a want on and groundless seizure of the defendant's effect, as obvious. In the case of Specific articles attached, a stranger's ship or other effects, may be taken out of his hands, and detained for such a length of time as to ruin his voyage, and embarrass his affairs beyond redress. So, in the case of debts attached, his property may be locked up, his remittances prevented, and the injury nearly as great as in the other case. The bail marked by an attorney, or *155 a malicious plaintiff, may be out of all bounds disproportioned to the debt; and if there was no way of examining into the justice or extent of the demand, a defendant might be at the mercy of the plaintiff, to be ruined at his pleasure. All these mischiefs may be prevented without injury to any one, by an enquiry made by the Court into the cause of action, in the same manner that it is every day done in cases of Capias; and we think the spirit of the law, and found reason, point out the necessity of such an interposition.
The cause of action shewn in this case, is a bill of exchange drawn by James Cummins, with a protest for non-payment, and this would undoubtedly be a sufficient cause of action against James Cummins, his executors, or administrators; but to make it amount to a cause of action against William M’Carty, the surviving partner of James Cummins, it being the separate debt of James Cummins, contracted before the partnership, something more must be shewn—all that is shewn is, that he has a sum of money in his hands, recovered in two actions, one against John Nixon, as administrator of James Cummins, the other against Mifflin and Butler, both sums recovered by M’Carty as surviving partner of Cummins. This is an action at common law, and I am at a loss to find out upon what principle it can be supported. I have heard of no case which gives a creditor an action against the debtor of his debtor;—there is no privity between the parties. An attachment will lie against the debtor himself, and that attachment may be laid in the hands of a third person as garnishee; but to bring the action originally against that third person, is, I believe, without example, unless some particular lien appears on the goods or money in his hands; and no lien other appears in favor of this creditor which does not exist in favor of every other private creditor of Cummins. Besides, there appears to have been a verdict of a Jury, and a judgment of a court of law, upon the very point on which the plaintiff founds his demand. If the administrator of Cummins could not retain this money against the surviving partner (the administrator being the proper representative of all the creditors) how can a single creditor maintain an action for that very money?
We are therefore of opinion, that no sufficient cause of action appears against the defendant, and adjudge that the money and effects of the defendant be discharged from the attachment. *
Weaver.

 This case was brought before the court upon a doubt entertained by Mr. President Shippen, of the power of a single judge to afford a remedy in the case of attachments, similar to that usually given in cases of arrests—In the latter case, the cause is still continued in court by ordering a common appearance; but in attachments the defendant being absent, cannot enter a common appearance, or give a warrant of attorney for that purpose: Therefore all that can be done, where no cause of action can he shewn, is to dissolve the attachment, which it is only in the power of the court from whence the writ issues, to do.